Case NO. 11-6139

RECEIVED
U.S. COURT OF APPEALS
10th CIRCUIT
2011 AUG 24 AM 10:47

# In the United States Court of Appeals for the Tenth Circuit

Case NO. 11-6139

Jeremiah Daniel Jamieson
Petitioner

V.S.

Justin Jones, Director

(Respondent Attorney General for the State of Oklahoma)
Theodore M. Peeper, Asst. A.G.

Appeal from conviction entered in Oklahoma District Court of Garfield County and Denied Relief from The U.S. District Court for the Western District Oklahoma

C.O.A. and Request for Evidentiary Hearing
Brief of Petitioner
Jeremiah Jamieson #573217
11-6139, Jamieson v. Jones
Dist/Ag docket: [redacted] 5:10-CV-01176-M

Statement of Case

Jeremiah Jamieson #573217, an inmate in the custody of Oklahoma's Department of Corrections housed in Davis Correctional Facility's Maximum Security Unit appears Pro-Se seeking federal habeas relief through writ of habeas corpus pursuant to 28 USC § 2254 filed on 01 November 2010 in the U.S. District Court Western District of Oklahoma.

Mr. Jamieson is challenging a conviction for murder in the first-degree entered in the District Court of Garfield County in the State of Oklahoma case number CF-2007-227 following his agreement to a plea of guilty form with NO minimum sentence as part of it range of punishment. (Plea of Guilt Form Statement of Facts is labeled as State's Exhibit 1 and on page 2 question 11 of this form you can clearly see there is no minimum sentence then on page 3 question 21 it stated "the Court can sentence you within range of punisht stated within question 11")

On 30 March, 2007 Mr. Jamieson was charged in Garfield County District Court and a preliminary hearing was conducted on 20 June, 2007 represented by Atty. Brian Lovell and Greg Camp, during this hearing eye witness's testified to the shooter's face and head being covered. Then testified they could see through mask and were under the influence of alcohol and marijuana when the shooting occured, one witness was 30 feet away and in his car and he said he could see through mask and I was shooter.

On 22 January, 2008 a hearing was conducted on Mr. Camp's motion to suppress and no witness's testified to events that took place outside Enid Police Department prior to polygraph; nor to events that took place outside Enid Police Department when Mr. Jamieson finished polygraph as agreed to in conversations with Det. Skaggs prior and terminated Det. Skaggs attempt interrogate him when finished with polygraph. Mr. Jamieson when outside E.P.D, because he terminated attempt to interrogate him was then confronted with several Ingle Wood Family Gang members from the victim's Blood gang surrounding his car and threating to take his and his family's life. Because these gang members were surrounding my car I was scared to break their rank and enter my car and leave.

Det. Skaggs furthered this actual threat by telling me these "I.F. Boys are out for revenge and will kill you, I cannot protect you unless you comeback inside and admit it." This promise to protect me if I did not leave and rather returned inside and admit I did it was done through coercing me to believe my family would recieve police protection from those gang members outside and would not have taken place outside this "threat and promise" which overbore my will to resist protecting my family.*

These polygraph events which took place outside the record of recorded events are crucial to it Voluntariness and were not investigated by Mr. Camp, which affected his ability to intelligently decide on trial verses plea of guilty, Because this confessions events carried over from polygraph into Mr. Jamieson's ability to understand how these events would be used at trial without being explained he could continue to appeal confession after trial, and after motion was denied.
*Mr. Jamieson was never explained the specific appeal option open to him after motion was denied by going to trial
*and if convicted perfected an appeal of Judge's decision to allow an involuntary confession into evidence.

Mr. Camp's failure affected his ability to intelligently decide on his client's case, because had this investigation been conducted he would have pursued trial and persevered his client's right to appeal confession's admisibility, and without addressing this specific appeal option with client Mr. Jamieson he did not know he could continue to challenge confession by going to trial.

At the conclusion of this hearing motion was denied, and immediately following Mr. Camp presented me with State's Exhibit One, the plea of guilt summary of facts form which had no minimum sentence and the Judge could sentence me according to this no minimum sentencing range - Mr. Camp had filled out and explained this form to me question by question explaining how this plea equaled a no minimum sentence range and trial equaled life with or without parole, then showed me question 11 was "Blank" on minimum sentence and I could be sentence to "anything up to Life w/o parole" as I testified to, and is on form.

This plea of guilt was agreed to and signed by Mr. Jamieson according to the FACTS therein that form according to this range of punishment as having NO minimum sentence, I only agreed to this plea because a fact on the form said I had NO minimum sentence and the Jugde could consider this range in his consideration of my sentence. The ADA, and my atty signed this form saying it was the correct range of punishment when it was not, and because of this erroneous minimum sentence Mr. Jamieson misunderstood his minimum sentence which is a violation of federally established law.

I was under this misunderstanding on the plea of guilty form listed as a fact that I had no minimum sentence, believing the Judge on this plea could consider my sentence with no minimum and I only agreed to this plea as so and was under this misunderstanding before the plea hearing took place and following the plea hearing because it was on the form I read and signed as State's Exhibit 1.

Before my plea was accepted another even took place, I was never explained the specific appeal option I could take after my critical motion to suppress was denied and I did not know I could continue to challenge confessions admissibility by going to trial and appealing as reversible trial error. In Baker v U.S. (404 F.2d 787) the 10th circuit explained there was no specific ritual," and the duty to inform defendant of Right of Appeal is limited to those instances when sentence is imposed after trial. However, when, as here, a plea of guilty is presented immediately following an adverse ruling upon critical motion to suppress we agree with appellant that a procedural circumstance has occured which if ignored by the trial court, might have bearing upon ultimate issue of voluntariness of plea."

This "procedural circumstance" was ignored by my attorney and trial court immediatly following my critical motion to suppress being denied and before my plea was accepted and is the basis for my claims on Error load of Habeas Corpus filed in Western District of Oklahoma.

Following my agreement to this plea of guilty form with no minimum sentence my attorney arranged for a plea hearing, and at this plea hearing a date was set for my sentencing.

On 03 April, 2008 I was sentenced to Life with Parole.

On 14 April, 2008 Mr. Lovell filed a motion to to withdraw my plea; hearing was held on 06 August, 2008 at this hearing I testified, and Mr. Lovell relied solely on my testimony as evidence when he knew my father and sister possesed relevant information concerning my testimony about Mr. Camp and State v Windenweedle case no. CF-1999-378 in Garfield County. My father gave me an Affidavit about this converesation for my Post-Conviction.

Mr. Lovell could not develop the facts for this claim with only my testimony and needed my father and sister to testify so he could develop the factual basis for his claim and for this reason of failing to establish the factual basis motion was denied, and Oklahoma Indigent Defense System appealed my conviction case no. Jamieson v State C-2008-785 Oklahoma Court of Criminal Appeals - In this Certiorari appeal I was represented by new court appointed counsel Michael Morehead, asserting my plea was not knowing and intelligent entered

because I was not sufficently informed as to the consequences of my plea and my defense attorney Mr. Caup, had made false promises of the sentence I would recieving in exchange for my guilty plea. Specifically, Mr. Morehead relied on my testimony from withdraw plea hearing concerning Mr. Caup's use of State v Windusweedle as Garfield County precedence for my sentence on plea of guilty as a "military man" and Mr. Caup promised I would "pretty much get 15 years." This was ineffective by Mr. Morehead, he knew my father and Sister were suppose to testify at withdraw hearing to this evidence but Lovell failed to have them testify, and Mr. Morehead told me this was ineffective by Lovell because their testimony was relevant to establishing a factual basis I was testifying to the truth. However, now Mr. Morehead failed to develop the facts and is ineffective for his similar claim and only relying on my testimony when he knew my father and sister had similar conversations with Caup about State v Windusweedle as Garfield County Precedence for my plea and sentence to be same in Garfield County as a "military man" on plea of guilty. As a result of not developing the factual basis for his claim OCCA denied my Certiorari.

On 28 January, 2010 I filed an application for Post-Conviction in Garfield County District Court and Request for Evidentiary Hearing and Discovery on Post-Conviction and on 18 Febuary, 2010 Garfield County District Court denied both and I appealed. Appealing to OCCA I claimed Garfield County erred in its ruling for not acknowledging claims of ineffective appellate counsel as new issue, and my case was Remanded to Garfield County on 10 May, 2010 so they could enter a "proper order" concerning my ineffective appellate counsel claims. All claims on Post-Conviction were Ineffective Appellate counsel See Page A "Table of Contents" of my Post-Conviction to see Propositions 1, supporting paragraphs A, B, C and D through Proposition 4.

On 10 May, 2010 and filed on 11 May, 2010 Garfield County entered an "ORDER" granting my Request for Evidentiary and Discovery on Post-Conviction. This "ORDER" or notice was never sent to Mr. Jamieson so he could prepare facts and evidence for this "Fact Finding Procedure."

On 01-05-2011 and labled as #21 filed with the Western District Court of Oklahoma in a Reply I attached my Incoming Legal mail "Mail log" and "Order" filed on 11 May, 2010 granting evidentiary hearing - This mail log documents all incoming legal mail recieved to this facility for me and on 10 May, 2010 the Court can see I recieved this "Remand" from OCCA Clerk Michael Richie and did not recieve any more legal before 25 May, 2010. This mail log is "Clear and Convincing" evidence I never recieved this "ORDER" or notice of hearing on 25 May, 2010. Because, I recieved No legal mail from Garfield County from 10 May, 2010 to 25 May, 2010 to give me notice of hearing, this "Fact Finding Procedure" held on my Post-Conviction Claim was in violation of my Due Process to have notice so I could present facts on Post-Conviction for hearing, this resulting in an inadequate and unfair "Fact Finding Procedure" to deny me relief.

This hearing on 25 May, 2010 took place without my knowledge of hearing being sent to me the party expected to present fact which would allow me to withdraw my plea, and was addressed by me at begining of hearing. I told the Court I knew nothing of this hearing and was without preparation and witness's to address Post-Conviction Claims.

As a result this hearing was inadequate for the Courts to consider as a "Fact Finding Procedure" on my Post-Conviction Since they refused to give me notice of hearing. Hatch v State (1996 OKCR 37, 924 P.2d 284, *291, 1996 Okla. Crim. App. Lexis 38, *14; 67 O.B.A.J 2628) The Court was quoted saying in this case

"The quintessential requirements of due process are notice and opportunity to be heard." Cooper v State (889 P.2d 293, 301-02 (Okla Cir 1995), reversed on other grounds, 116 S.Ct. 1373, 134 L.Ed. 2d 498, 64 USLW 4255, 1996 WL174481, 59 Crim. L. Rep. 2011 (U.S. 1996); Barefoot v Estelle (463 US. 880, 915, 103 S.Ct. 3383, 3406, 77 L.Ed 2d 1090) Stephens v Kemp (469 US. 1043, 105 S.Ct. 530) "The court must actally inform the petition that he must tender his evidence and must give him reasonable opportunity to do so."

Because, I was not informed of this hearing it was inadequate and "the State of Oklahoma's decision is objectably unreasonalley based on an unreasonable determination of fact."

Following this inadequate "Fact Finding Procedure" Garfield County denied my application for Post-Conviction and I objected to hearing. On 17 June, 2010 OCCA entered and Affirmed the District Courts decision on Post-Conviction Relief based on this indequate hearing.

On 01 December, 2010 I filed my Writ of Habeas Corpus with the Western District Court of Oklahoma.

Facts Relevant to issues presented for Habeas Relief

Fact #1: All propositions presented for Post-Conviction Relief were ineffective appellate counsel for failing to raise, not bring to the courts attention, or investigate and obtain information and affidavits on Direct Appeal. See application filed in Garfield County on 28 January, 2010 page A "Table of Contents" and continued on Page B. Also see Request for Evidentiary hearing and Discovery on Post-Conviction claims.

I requested Discovery on each proposition raised on Post-Conviction and listed my application as supporting evidence, specifically, mentioning evidence and witnesss which were needed at hearing if granted. The most obvious witness's needed to resolve claims of ineffective appellate counsel for not claiming unconstitutional claims of trial counsel is Mr. Camp, my trial counsel; without questioning him about this "Plea of Guilt Summary of Facts" Form with no minimum sentence or other issues claimed my claims cannot be resolved as Fact or Fiction of why appellate counsel was deficient for failing to raise these claims on Direct Appeal.

On 18 February, 2010 Garfield County District Court denied my application for Post-Conviction Relief and Discovery, and did so without addressing my claims of ineffective appellate counsel by saying, "The matters raised in Defendants motions are barred by waiver and res-judicata."

This was not the correct ruling, ineffective appellate counsel can only be raised for first time on Post-Conviction so I appealed to O.CCA.

Fact #2: On or about 12 March, 2010 I filed for Post-Conviction Relief to O.CCA and raised issue that "the District Court in Garfield County erred when it failed to recognize ineffective appellate counsel on application for Post-Conviction Relief as new issue for first time on review; USCA Const. Amd. 6; 22 Okla. St. Ann § 1089 (D) (4) (b) (2)"

All my claims raised in application were ineffective appellate counsel for failing to raise unconstitutional claims of trial counsel on Direct Appeal as illustrated in Petitioners Application filed in District Court Example: "Michael Morehead was ineffective appellate counsel for failing to raise un-constitutional issues of ineffective assistance of trial counsel." (This example is Proposition 1 of my Post-Conviction)

Support for this Proposition 1 addressed in example was listed in sub-paragraph as A, B, C and D, and

ARGUED
and in these sub-paragraphs were "unconstitutional issues of ineffective assistance of trial counsel." I was showing (in these sub-paragraphs) why Mr. Camp was ineffective trial counsel and as a result of his ineffectiveness and absent Mr. Morehead's development of these "meritorious claims" on Direct Appeal he was ineffective.

"Proposition 2: 'Mr. Morehead was ineffective assistance of appellant counsel for failing to raise Brian Lovell as ineffective assistance of counsel during hearing to withdraw Mr. Jamieson's plea. Mr. Lovell did not have Mr. Jamieson's Father and Sister testify to their conversation with Camp in support of my testimony'" (Lovell failed to develop this claim at hearing.)

"Proposition 3: 'Mr. Morehead was ineffective for failing to bring to the court's attention Judge Franklin was not absolutly clear on his part to assure Mr. Jamieson understood Life with Parole was his minimum sentence.'"

"Proposition 4: 'Mr. Morehead was ineffective for failing to obtain information and affidavits from Mr. Jamieson's Father and Sister in support of his claim on Direct Appeal'" (Mr. Morehead did not develop the facts of his claims)

On 10 May, 2010 Garfield County and I recieved OCCA's "Remand" for these matters to the District Court of Garfield County, "Petitioner argues he was denied effective assistance of appellate counsel and on appealed District Court erred when it failed to recognize ineffective appellate counsel as new issue in his Post-Conviction Application."

Fact #3: On 11 May, 2010 an "ORDER" granting my request for Evidentiary Hearing on Post-Conviction was filed in Garfield County and a hearing was set for 25 May, 2010 so I the Petitioner could present "evidence relevant to [my] request for Post-Conviction Relief." HOWEVER, this "ORDER" or Notice was never mailed by Garfield County to Mr. Jamieson the Petitioner to give him notice of this hearing on 25 May, 2010 so he could present evendence relevant to his request for Post-Conviction Relief. As a result of no notice I did not know about hearing so I the petitioner could present this relevant evidence, and this hearing was unfair and inadequate for it to consider as evidence in its determination of fact. Thus its determination of fact is "objectivly unreasonable and its decision is based on an unreasonable determination of fact."

Proof of no notice lays within my mail log filed as #21 in the Western District Court of Oklahoma on 01-05-2011 where I recieved NO Legal mail from Garfield County between 11 May, 2010 the date hearing was granted and 25 May, 2010 the date hearing was held.

This mail log is "clear and convincing evidence" I was never sent notice to present "evidence relevant to [my] request on post-Conviction Relief" at hearing held on 25 May, 2010; as proven with this "clear and convincing evidence" I was denied Due Process of notice to present these facts on Remand for [redacted] hearing. Thus making this State's [redacted] "Fact finding Procedure" held on 25 May, 2010 inadequate in its determination of fact resulting in an "unreasonable decision based on an objectivly unreasonable determination of facts" and any decision following this hearing without allowing me the Petitioner the chance to present these relevant fact unreasonable too.

If I am given the chance to develop these facts I can prove Mr. Camp used State v Windlewoodle as Garfield County Precedence for my sentence to equal the same on plea and that Camp used this erroneus "no minimum sentence on form question 11 and 21" to convince me I could be sentence considering no minimum sentence. Then prove Mr. Lovell and Morehead inadequatly developed their claims without obtaining testimony or information from my Father and Sister which was relevant to their claims that Mr. Camp made promises

through this case as I testified too and this failure to develop facts was why I was denied relief.

I "OBJECTED" to this hearing to OCCA.

Fact #4: 17 June, 2010 in "ORDER" Affirming Denial of Post-Conviction Relief the Court said, "Following an Evidentiary Hearing on 25 May, 2010, Judge Hladik found petitioner's ineffective assistance of counsel claims were barred by doctrine of res-judicata as they were argued in his motion to withdraw his plea," and "record does not support ineffective appellate claims."

ON ERROR6 This is incorrect at my withdraw hearing I showed Lovell was inadequate in developing his claims, and these issues listed in Proposition 1, subparagraphs A, B, C, and D through Proposition 4 cannot be ruled on without the development of evidence relevant to issues presented unless the court's grant relief on the FACT that there was no minimum sentence on any plea of guilty.

"Judge Hladik found Petitioner failed to overcome the strong presumption that Counsel's conduct falls within the wide range of reasonable professional conduct or that counsel's representation was unreasonable under the prevailing professional norms or that the challenged action could not be considered sound trial strategy."

Judge Hladik cannot make this determination without a fair and adequate hearing for me to develop the fact's for these claims, His Honor did not find any fact's at this hearing on 25 May, 2010. Because, I was unable to prepare any facts without having knowledge of hearing to present these facts on Post-Conviction. Further, Mr. Camp was not their to address my claims or question as requested for.

Judge Hladik says he made a determination of fact on facts never developed or presented because he did not send notice to me, and I was expected to present facts for a hearing that I had NO knowledge about.

This decision to Affirm by OCCA is unreasonable because it has been based on this hearing held without my knowledge, and for these same reasons the Western District Court in Oklahoma has erred in it's ruling to deny relief based on this inadequate hearing.

Fact #5: Plea of Guilt Summary of Facts, a fact in the record unreasonabley considered. (Statesexhibit 1)
The "Plea of Guilty Summary of fact "Form" was a contract I entered with Oklahoma under the influence from Counsel that ~~that~~ the Judge could sentence me according to a/the "Blank" minimum senten on question 11 stating any any range of punishment" was a fact that I had NO minimum sentence; this Blank minimum sentence was the incorrect "range of punishment" suppose to be on question 11 and this incorrect "Range of Punishment" was a fact given and misrepresented to me by Mr. Camp in influencing me of a sentence less than life with or without parole on plea.

Because this "plea of guilty summary of facts form had the incorrect "Range of Punishment" on question 11 and was influenced by Mr. Camp as having no minimum sentence any plea is invalid and the hearing was the result of my ~~[illegible]~~ the incorrect "Range of Punishment" on question 11 as no minimum sentence.

I would not have signed this "Plea of Guilt Summary of Facts" Form if it had had life with

with Parole listed on question 11's "Range of Punisht" minimum sentence, and this Form's incorrect and erroneous "Range of Punisht" listed on question 11 and misrepresented to me by Camp is the reason why I was under this misunderstanding of minimum sentence on plea. This minimum sentence on Form was not corrected by Judge Franklin at hearing when he made sure I read and understood this Form.

Fact#6: Question 19 on form states there is "NO Plea Agreement," and question 21 states "If there is no plea agreement the Court can sentence you [redacted] according to Range of Punishment stated within question 11" Question 11 "Do you understand the range of punishment for this charge is: (1) minimum of ____ to a maximum of "up to Life w/o parole" (yes)"

Fact#7: Question 30, The A.DA Mike Fields agreed "The Sentence recommendation was fair to the State of Oklahoma" By this agreement he agreed I could be sentenced to no minimum sentence.

This form was filled out and explained to me by Mr. Camp question by question, and Camp used questions 11, 19, 21 and 30 to convince me I was eligible for sentence consideration from Judge with no minimum sentence and because there is no minimum sentence and Precedence in Garfield County through State v Windrweedle you will "pretty much get 15 years."

I need to ask Mr. Camp questions concerning this plea of guilt with no minimum sentence, which is evidence outside the record never developed at any hearing but especially not on 25 May, 2010 because I was not sent notice. The development of this claim at hearing would have changed the outcome.

Fact#8: Mr. Camp materially misled Mr. Jamieson of this "military man's" 30 year sentence to mis represent my potential sentence as having precedence in this [redacted] previous case as a "military man" on my Blind Plea to First-Degree murder as a "military man," however, Mr. Camp did not tell Mr. Jamieson Mr. Windrweedle's sentence was the product of a negotiated plea to reduced charge and not a Blind Plea to First-Degree murder. To further Camp's illusion of a sentence equal to Mr. Windrweedle's Camp did not place Life with Parole as my minimum sentence on "Plea of Guilty Summary of Facts form."

Fact#9: Mr. Camp's own Statement at plea hearing on 22 January, 2008 negates any knowledge or warning of minimum sentence on plea, because, Mr. Camp said in open court "he had NO IDEA what Judge Hladik would do on Blind Plea;" and this statement goes against knowledge the Judge on plea was bound by minimum sentence of Life with Parole in his consideration but could only consider granting parole or not on Life.

There is no "no idea" aspect to what the Judge would do, and this "no idea" statement negates Camp's knowledge of minimum sentence.

Fact 10: Proof Mr. Camp is not familiar with Oklahoma's Murder One Statue. At Sentencing hearing on 03 April, 2008 page 101 of this transcripted hearing Mr. Camp made a statement that, "I know Mr. Jamieson is entitled to a deferred sentence and Suspended sentence, and I am not at all naive enough to believe the Court would impose any thing such as that."

This is not true or correct, in Oklahoma you are not entitled to a [redacted] deferral or even allowed such a sentence upon a conviction of murder, and this statement acts to prove Camp was not familiar with the sentencing of this statue for which Mr. Jamieson was charged too.

Mr. Camp also said he was not naive enough to believe the Court would impose a suspended sentence within this statute on page 101 and this acts a evidence to negate the Attorney General's argument that Camp on plea was trying for a suspended Life sentence.

Fact #11: Mr. Camp on page 101 of sentencing transcripts also "asks the Court not to impose Life imprison with or without parole," and this statement is consistent with what was incorrect on Mr. Jamieson "plea of guilt summary of facts" form with no minimum sentence, because had there been a minimum sentence, such as is required by the sentencing requirements of that statue Mr. Camp would not have asked the court not impose a Life sentence when the minimum according to that statue is Life imprisonment with parole.

This is proof Mr. Camp did not understand any minimum sentence on plea of guilt as Life with parole and is only fortified by this statute and "plea of guilt summary of facts" form with no minimum sentence according to the "Range of Punishment" on form.

Facts Outside the record for all errors claimed on Post-Conviction to Garfield County as Ineffective Appellate Counsel. Then to the Western District Court of Oklahoma.

ERROR #1: ERRORS 1 and 2 of my Habeas Corpus are just about the same error they are only diffrent in the situation of their events. ERROR 1 was before the Polygraph and my waiver for interrogation was not intelligent because it was only for polygraph, ERROR 2 was events that took place outside E.P.D when I terminated attempt to interrogate and was confronted by angry gang member's who wanted to kill me outside E.P.D and Det. Skaggs told me they would kill me but he could protect me and my family if I returned inside and admit to it.

ERROR 1: Cellphone conversation between myself and Det. Skaggs about coming to Enid Police Department and taking a polygraph test and only a polygraph test. My agreement in this conversation to take the polygraph with no interrogation, then come to EPD and sign waiver for polygraph without explaination of interrogation to follow.

This was not investigated or challenged by Camp at Motion to Suppress and is evidence to claim that took place outside record. There testimony combined with case precedent about similar conversations which took place in case precedent would express the similarities in my case and case precedent, showing me the appeal process these case precedent's took after motion to suppress by going to trial to challenge confession on appeal. My case precedent is U.S. v Leon-Delfis (203 F.3d 103) and U.S. v Alvin L. Vailes (2008 WL 3891587)

The basic concept of my claim is I was not explained the specific appeal option my confession could continue to take after motion to suppress was denied by going to trial. This was ~~not explained~~ was not explained as an option by the trial court or Camp after denial and before plea. If I had known I could continue to challenge my confession by going to trial I [redacted] would have gone to trial to continue to challenge my confession as involuntary.

I have made the basis for my claim on Baker v U.S. (404 F.2d 787), where the trial court inadvertently following adverse ruling on Motion to Suppress did advise defendant of this

Specific appeal option for confession before the Court would except plea from defendant as a knowing and intelligent plea.

(The Second part of this claim labled as ERROR 2)

ERROR 2: Mr. Jamison terminated the polygraph as soon as Detective Skaggs disregarded his previous pheonecommunication of no interrogation, by begining a line of questioning that was uncomfortable for me and I considured an interrogation. I as soon as this conversation shifted terminated the proceeding effectivily assorting my right to leave and in hallway said I need an attorney. When outside of the building and in E.P.D parking lot I was surrounded by several Murder One Inglewood Family Gang members. They surrounded my car and threatened to take my and my family's life. I could not enter my own car because I did not want to break through the members around my car and make contact iniating some sort of challenge.

Det. Skaggs then told me these "IFG Boys are out for revenge and will kill you, I cannot protect you unless you come inside and admit it.

This promise to protect me, from this real threat if I did not leave and rather returned inside and admit to it was done through coercing me that my family and I were in Life or Death and would recieve promised police protection from this gang's threat. I was forced through this "threat and promise" to stay at a proceeding I terminated because the only option other than stay was to let these gang members follow me home and kill me and my family in retaliation. This "threat and promise" after I terminated proceeding was specifically used by Det. Skaggs to overbear my will to resist leaving Enid Police Department, because if I left I could to protect my family. The only way to protect my family from this threat was to return inside EPD where I had previously terminated all proceedings.

Det. Skaggs promised to protect me & Family from this real threat of death if I returned inside and did not leave, by doing so he used this real threat as a wepon to overbear my will to resist protecting my family. Thus coercing my decision to leave E.P.D as I had terminated the proceeding.

In return for not leaving and coming inside to protect my family and admit to it, Det. Skaggs would protect my family from this gang's revenge as I said in my confession, "I DID IT!", "I Didn't Do It! I am only saying I did so you can protect my family."

This was not investigated or challenged by Mr. Camp at suppression hearing, and this evidence took place outside the record and absent investigation effected his decision on my case in an adverse way; with this testimony and case precedent it would have expressed the similarities in my case and case precedence. Thus, showing the specific appeal option these case's took after motion to suppress by going to trial to challenge confession. Case precedence U.S. v McCullah (76 F.3d 1087); Arizona v Fulminante (499 U.S. 279, 295-96, 111 S.Ct. 1246, 1257-58 113 L.Ed. 2d. 302)

Again the basic concept of my claim is, I did not know I could continue to challenge my involuntary confession by going to trial and these case's would have shown me the similarities and how they went to trial after an un-successful motion to suppress in their effort to challenge confession.

I was not explained this specific appeal option concerning my confession by my attorney or the trial court as was done in Baker v U.S., and the "procedural circumstance" that the 10th

Circuit mentenias in this case has occued in my case and has had a bearing on the intelligence and Volunteriness of my plea. I would not have taken plea if I had known I could continue to challenge Volunteriness of confession by going to trial.

ERROR 3: My Father and Sister had conversations with Mr. Camp concerning State v Winderweedle as Garfield County Precedence for a specifically numbered sentence for "military men" in Garfield County on plea. This evidence was never developed by Mr. Lowell or Morehead when representing Mr. Jamieson when they knew of their conversations.

I was unable no fault of my own develop this fact at Evidentiary Hearing on 25 May, 2010 because I was not sent "notice" of hearing on 25 May, 2010. My father was only at hearing because the evening prior I was allowed by jail staff at Garfield County jail to call so my family could arrive early and visit with me. When the hearing started my Mom and Kids left, my Dad was intrested in why I had a courtdate after I was sentenced so he stayed. It just happened to be an Evidentiary Hearing so the Judge not I questioned him, I was not prepared as mentioned at the begining of hearing. My questions were left at [redacted] Davis Correctional Facility, I was told I was "probly" transfering to a lower security prison.

I need to question Camp concerning his conversation with my Family about his use of the word "Precedence" concerning that "military man's" plea and sentence and why he had no minimum sentence listen on "Range of Punishment" on plea of guilt.

ERROR 4: Evidence in record but unreasonably determined "Plea of Guilt Statement of facts" Form. I agreed to this "form" concerning the facts listed on "form" before plea hearing took place and listed as a fact on "form" was NO minimum sentence question 11.

I only agreed to plea because on question 21 my attorney told me the Court could sentence me within Range of Punishment on question 11 which had no minimum sentence.

ERROR 5: The Judge ensured I understood and signed plea of guilt form, by doing so he only confirmed I had no minimum sentence on plea because he did not correct the erroneous minimum sentence on form when asking if I understood form.

ERROR 6: My Father and Sister had conversations with Mr. Camp concerning State v Winderweedle as Garfield County Precedence for a specifically numbered sentence for "military men" in Garfield County on plea. This evidence was not developed by Mr. Lowell when he knew they possessed relevant information. He relied on only my testimony to develope "factual basis" to withdraw my plea.

ERROR 7: Same as ERROR 6 but Mr. Morehead did not develop these facts and only used my testimony.

ERROR 8: This was my "Proof" the States "determination of fact" was indequate and unreasonable

(1) 1996 O.K. CR 37, 924 P.2d 284, *291, 1996 Okla Crim. Apps. Lexis *38, 14 67 O.B.A 2628
(2) 889 P.2d 293, [illegible] grounds 116 S.Ct. 1373, 134 L.Ed.2d 498, 64 USLW 4255, 1996 WL 174481, Crim. Rep. 2011(...)



# C.O.A and Combined Brief follow

Due process of law has no fixed meaning, rather it embodies the notion of legal fairness through constitutional safeguards that apply to Both State and Federal legislation. The concept of this phrase guarantees procedural fairness, in Hatch v State(1), the Oklahoma Court of Criminal Appeals was quoted saying, "The quintessential requirements of Due Process are Notice and opportunity to be heard." Cooper v State(2)

The State of Oklahoma on Post-Conviction Remanded my case back to Garfield County telling them to enter a "proper order" and address my ineffective appellate counsel claims, which happen to be all my claims. On this Remand Garfield County decided in the intrest of justice an Evidentiary Hearing was needed so I could "present evidence relevant to my request on Post-Conviction." However, they never sent me notice of Evidentiary Hearing so I could prepare evidence for 25 May, 2010, as a result I did not know about hearing and had no evidence.

On 11 May, 2010 this "ORDER" granting my Evidentiary Hearing was filed in Garfield County but was never sent to me, as this Court can see from "clear and convincing evidence" filed on 01-05-2011 as #21 in the Weston District Court of Oklahoma, I attached my legal mail "mail log" and this "ORDER" filed on 11 may, 2010 and by cross reference this Court can see I recieved legal mail on 10 May, 2010 from OCCA's court clerk Michael Richie which was their "Remand" and never recieved anymore legal mail on or before 25 may, 2010 when this hearing was held. This is "clear and convincing evidence" I was not sent notice of Evidentiary Hearing as is a "quintessential requirment of Due Process."

While Post-Conviction is not a constitutional guarantee Notice and a fair hearing which will affect an individual's life, liberty or property is, and a hearing on my Life and Liberty took place on Remand without notice being sent to me prior to that hearing. Now Garfield County has made a unreasonable decision that affected my life and liberty at a hearing on evidence that took place without notice, thus violating my Due Process Right to have notice of hearing on 25 May, 2010. This violation kept me from presenting facts at hearing that would allow me to withdraw my plea proving the State of Oklahoma's "determination of fact" was based on inadequate and unreasonable determination during their "Fact finding Procedure."

This failure by the State of Oklahoma in it's "Fact finding Procedure" effected my "Life and Liberty" and was a violation of my constitutional right to Due Process, rending this "Fact finding procedure" held as such inadequate for it's determination of fact. Now, as a result all decisions by the previous courts have been based on this inadequate "Fact finding Procedure" to have facts which would allow me to withdraw my plea presented in to the record, resulting in constitutionally and objectivly unreasonable decisions based on [redacted] an inadequate and unreasonable determination of fact and this is a "substantial showing of denial of constitutional right." Miller-El v Cockrell (537 US 322, 336 (2003)) I have to have "notice" of hearing that will effect my life and liberty for that hearing to be considered fair and adequate. Accordingly, I believe I am entitled to a COA and Relief on every issue presented and request this Honorable Court to give me a COA on every issue according to this Due Process violation in State Court that kept me from presenting facts that would allow me to withdraw my plea during the "Fact Finding Procedure"

"Due Process of law... does not allow a hearing to be held without... giving [petitioner] timely notice, in advance of hearing" In re Gault 387 U.S. 1, 33-34, [redacted] 87 S.Ct. 1428, 1446-1447, 18 L.Ed.2d 527, taken from Stephen v Kemp 469 US. 1043, 105 S.Ct. 530 "There is no doubt that the due process clause

requires a minimum that adjudications affecting an individuals life, liberty or property be preceded by (1) notice reasonably calculated, under all circumstances to inform the aggrieved party of the pendency and nature of the procedure against him and (2) a meaningful hearing appropriate to the nature of the case." Armstrong v Manzo (380 U.S. 545, 550 85 S.Ct 1187, 1190 14 L.Ed. 2d. 62 quoting Mullane v Central Hanover Bank & Trust CO. 339, U.S. 306, 313, 70 S.Ct. 652 94 L.Ed. 865)

Taylor v Maddox (336 F.3d 992, 1000) "Should have made a determination but neglected to do so."

Torres v Prunty (223 F.3d 1103, 1110 N.6) "The state courts determination was unreasonable"

Nunes v Mueller (350 F.3d 1045, 1055); Most v McGinnis (233 F.3d 691, 698)

Caliendo v Warden of Cal. Men's Colony (365 F.3d 691, 698)

Request for Evidentiary Hearing, States was Not full, Fair or adequate

I diligently developed the factual basis of my claim in State court and as a result I was granted an Evidentiary Hearing without notice of hearing, because of no notice my Evidentiary Hearing was not full, fair or adequate; resulting in an unreasonable determination of facts and decision thereby.

For these reasons and discussed in COA concerning no notice resulting in an unfair and inadequate hearing to determine facts on my post-conviction in State Court I request an Evidentiary Hearing in this Honorable Court. I hereby incorporate my arguments from COA and ERRORS 1-8 as Evidence in support of request. Nguyen v Reynolds (131 F.3d 1340) "Presentation of correctness given to State Courts findings in federal habeas proceeding does not apply, and federal Court must grant Evidentiary Hearing, if habeas petitioner did not recieve full, fair or adequate hearing in State court proceeding on matter sought to be raised in habeas petition." Galloway v Howard (624 F.Supp 2.d 1305) "If petitioner does diligently attempt to develop factual basis of his habeas claim in State court, the federal court must ordinarily conduct Evidentiary Hearing if proof of allegation would justify relief."

Brief Starts Here

ERRORS 1 and 2 of my Habeas Corpus filed in the Western District Court of Oklahoma were combined in Post-Conviction because they were similar in my request for relief but just happen to be 2 issues of challenged action as explained by me on page 8 and 9. One was events outside the record before polygraph and no Post-Polygraph interrogation explaination in polygraph waiver, and second was concerning "Angry Mob" outside Enid Police Department which was outside the record and how these events when challenged with case precedent, the case predent would have explained the specific appeal option open to Mr. Jamieson's challenge of an involuntary confession by going to trial.

ERROR 1 about to be discussed is ERROR 1 and 2 of my Habeas Corpus filed in the Western District Court of Oklahoma and follows on Page 13.

ERROR 1: ① "Mr. Camp was ineffective assistance of counsel for failing to investigate and find case precedent for his client's involuntary confession to be suppressed at hearing on 22 January, 2008, or have prosecution witness's and client testify to the nature and facts of confession concerning client's un-intelligent waiver of post-polygraph interrogation. This kept Mr. Jamieson from making an intelligent decision to plea because had Mr. Jamieson seen the case precedent he would have seen there was a specific appeal option open to his challenge after trial, and he would have continued his challenge of involuntary confession as the defendant's did in case precedent." Jennings v State (744 P.2d 212); Wiley v State (2008 OKCR 30, 199 P.3d 877); Baker v US (404 F.2d 787)

Case Precedent failed to investigate which would have explained specific appeal option open after suppression hearing by going to trial: US v Leon-Delfis (203 F.3d 103); US v Alvich Robles (2008 WL 3891587 (D. Idaho).

② "Mr. Camp was ineffective assistance for failing to investigate and find case precedent for his client's coerced confession to be suppressed and have prosecution witness's and client testify to nature under which confession took place. This kept Mr. Jamieson from making intelligent decision on plea because had Mr. Jamieson known he could continue his challenge of coerced confession as was done in case precedent Mr. Jamieson should have seen the specific appeal option open to him after trial and he would have went to trial to continue challenge."

Case Precedent failed to investigate which would have explained specific appeal option open after suppression hearing by going to trial: US v McCullah (76 F.3d 1087), Arizona v Fulminante (499 U.S. 279, 295-96, 111 S.Ct. 1246, 1257-58 113 L.Ed. 2d 302), Payne v Arkansas (356 U.S., at 564-565, 567 78 S.Ct. at 848-849, 850), Baker v US (404 F.2d 787)

The Western District court erred in its ruling on these errors on my Habeas Corpus. They applied the law incorrectly or misinterpertated my claim on these errors, Baker v US was the basis for my claim. My claim is if the trial court would have explained to me the Specific appeal process my confession can take by going to trial I would not have pled guilty.

I am not an experienced litigator but page 5 and 17 of my Habeas Corpus in the Western District Court have my argument of this issue. The basic concept is my attorney was ineffective at my Motion to Suppress because he neglected to investigate two issues and have witness's testify to these issues, and that these two issues have errors which deserve to be raised for suppression with case precedence to show the similarities. That these cases with similarities would have shown me the specific appeal option these cases took after suppression hearing by going to trial and that after trial on appeal their confessions were suppressed. This opportunity to appeal suppression is only available by going to trial but was not explained to me by my attorney or the Court as was done in Baker v US. and this was my request for relief on these errors, I only argued the suppression aspect to give merit to my claim for appeal.

"The Courts have construed the Edell language as requiring that a defendant show that the knowledge of the omission or variance would have changed his decision to plead guilty," if [redacted] I had known I could continue to challenge the voluntariness of confession I would not have pled guilty. US v Wright (930 F.2d 808, 811 (10th Cir) *[6] citing Gomez v Cuevas, 917 F.2d a 1527)

** In Baker v US the 10th Circuit explained there was no specific ritual, "[redacted]" and the duty to inform the defendant of Right of Appeal is limited to those instances when sentence is imposed after trial. However, when, as here, a plea of guilty is presented immediatly following an adverse ruling upon a critical motion to suppress

We agree with appellant that a procedural circumstance has accured which if ignored by the trial court, might have a bearing upon the ultimate issue of volantariness of plea."

For my arguement on this issue I also refer you to my Post-Conviction filed in Garfield County Page 10: "This case closely resembles Mr. Camp's client's case, State v Jamieson, and Camp should have presented this case in favor of his motion to suppress Mr. Jamieson's confession. If Camp would have done so he would have given the Judge a fair look at Mr. Jamieson's confession, then if the Judge still refused to suppress the confession, he, Camp could have explained to Mr. Jamieson that this case did infact go to trial with confession as evidence, however, upon appeal the confession was held to be involuntary by OCCA, an Mr. Wood was given a new trial where the confession was not allowed as evidence. After this explaination and only after this explaination could any defendant make a knowing and intelligent decision whether or not they should proceed to trial. If Camp had given this explaination, Mr. Jamieson would have indeed chosen to go to trial, however, Camp did not investigate this option and was not able to explain these facts to Mr. Jamieson."

I had decided I wanted to challenge the admisibility of this confession and that is why the hearing was held, and if this warning as took place in Baker had been given to me I would not have plead guilty. This warning from the trial court did not take place immeditly following the adverse ruling on my motion to suppress and before my plea of guilt was accepted and is the procedural circumstance I am saying is explained by the case precedent in my arguements on Post-Conviction and Habeas Corpus.

How I began this claim is with ineffective assitance of appellate counsel for failing to raise un-constitutional issues of ineffective assistance of trial counsel. Mr. Camp was ineffective assistance of counsel for failing to find case authority to set precedence for this hearing to suppress Mr. Jamieson's involuntary confession to be granted, nor did he investigate or have witness's testify. His lack of investigation led Mr. Jamieson to an unintelligent decision to plea because he did not know he could go to trial and continue to challenge suppression of statement on appeal.

On Habeas I only mention trial counsel was ineffective because on the application I had to fill out why this issue was not raised on Direct Appeal, and on that application I explained why so I did not readdress issue.

I argued on Habeas these events took place outside the record and would have and should have changed the outcome of that hearing but Camp did not investigate and have witness's testify. However, if Camp would have gave me this explaination of specific appeal option only open to me by going to trial I would have went to trial to continue challenge, and this explaination would have taken place through these case's listed but not investigated; through these cases is how I learned I could appeal the suppression of confession denied and go to trial and suppress on appeal.* In such a case as mine you need to know you can continue to challenge your statement after the trial court has denied your motion or else you do not know you can continue to challenge your statement and without this knowledge you cannot make a knowing choice.

This is vitale information needed to weigh in a defendant's determination of choice, Does he want to continue to challenge by going to trial or plead guilty. I was not able to weigh this option because it was never presented to me, as a result my plea is not knowing or intelligent.

The challenge is these events took place outside the record and if testified to would bring to light certain actions which took place and that by challenging these actions with the case precedent, the case precedent should have shown me these cases and the challenged action were similar to mine and deserve further challenging as explained took place in the case precedence by going to trial.

I was not informed by Camp or the Court of this Specific Appeal Option open to my confession after motion to suppress was denied but before plea was accepted, and this specific appeal option was only available by going to trial.

Immediately following this adverse ruling on critical motion to suppress Mr. Jamieson signed a "Plea of Guilty form" with no minimum sentence and without this warning, now after being ignored by the trial court has presented this court with the "procedural circumstance" which was brought on appeal in Baker. Now, this "procedural circumstance" has occured in the instant case and brings into question the voluntariness of my plea and has been ignored by the trial court and the Western District Court of Oklahoma in making their decisions. As a result the previous courts have arrived at a decision contrary to established law and I should be allowed to withdraw my plea as unintelligent to this "procedural circumstance."

This claim starts at my motion to suppress and Camp's failure to investigate and have witness testify, but this was to show the similarities in my case and the case precedent which should have been presented to the Court, explaining to me the unique and specific appeal option available through trial.

I was never told I could continue to challenge my confession after motion to suppress by going to trial and challenging on appeal my conviction in violation of my 5th Amendment and this is my claim. I just started with my trial counsel's ineffectiveness and how it affected his and my decision without investigation. I also argued it should be suppressed to give merit to not recieving this warning. This then spills over into these cases explaing the specific appeal option or process the Judge nor my attorney explained to me about my challenging confession, and that if I knew I could continue to challenge my confession by going to trial I would have went to trial.

I hereby incorporate my COA argument and ERROR 6 as evidence of the States inadequate determination of fact and unreasonable decision based on that inadquate determination of fact.

For these reasons I have overcome AEDEPA's standard of unreasonable determination of facts and decision and I request this Honorable court to withdraw my plea and allow me to go to trial.

<u>ERROR 3</u>: "Mr. Camp misrepresents alternative course of action, materially misinforming Mr. Jamieson <u>State v Windnweedle</u> is Garfield County Precedence for Principals of Equal Justice in recieving a similar sentence. Thus misleading Mr. Jamieson he is following in Mr. Windnweedle's steps toward a 30 year sentence (15 suspended) by agreeing to Blind Plea with <u>no minimum Sentence</u> on <u>form</u>. Mr. Camp unfairly hold out this autoritative assurance of leniency when he misrepresented <u>State v Windnweedle</u> as Garfield County Precedence in exchange for Mr. Jamieson's Blind Plea to first-Degree murder." (Un-Beknown to Mr. Jamieson Mr. Windnweedle's sentence was the product of a negotiated plea to first-Degree Manslaughter and a 30 year sentence and not a Blind Plea to first-Degree murder as was implied when I took this plea based on <u>State v Windnweedle</u> (CF-1999-378))

600 words



I gave a factual basis for my claims on Post-Conviction, an affidavit from my Father [redacted] that Mr. Camp used State v Windweedle as Garfield County Precedence for a Specifically numbered sentence on plea. This factual basis was to be developed on 25 May, 2010. However, I was unable due to no fault of my own to fully, fairly and adequatly develop this factual basis on 25 May, 2010 because I was sent ZERO notice to prepare. Proof is in my legal mail mail log which proves I got no legal mail from Garfield County Court, and this has been presented to the Western District Court of Oklahoma but has been ignored.

The previous courts have ignored legally relevant facts that needed to be developed during the State's "Fact Finding Procedure" without this development at Evidentiary Hearing as a result of "no notice" from State Court being sent to Mr. Jamieson to prepare evidence for the development of this claim all decisions have been based on the inadequate and unfair determination of facts by Garfield County District Court on "Remand."

The presumtation of correctness given to the State of Oklahoma's finding in federal habeas procedures does not apply, and I request this Federal Court to grant my Request for Evidentiary Hearing previously requested because I did not recieve a full, fair or adequate hearing in State Court proceeding sought to be raised on Habeas Corpus. Nguyen v Reynolds (131 F.3d 1340); Galloway v Howard (624 F. Supp. 2d [redacted] 1305)

This issue of error concerning evidence outside the record cannot be resolved until I can adequatly develop the facts of my claim, and the full, fair and adequate development of this claim justifies relief. My issue is not if my Father and Sister thought of felt Camp's use of Windweedle's sentence was Precedence in Garfield County for "Military man" was a guarantee of my sentence. They did not take the plea based on this precedence in Garfield County for "military man," I DID.

My Father's testimony was only to establish the factual basis I was telling the truth, and that in fact Camp did without a doubt use Windweedle's sentence as Garfield County Precedence for my sentence on plea as a "military man" in Garfield County on plea.

The Court cannot rule I did not percieve Camp's use of Windweedle's sentence as Precedence and Guarantee because my Father was hoping for the best but prepared for the worste. My Father was only to provide the Court with a factual basis that Camp did use this "military man's" sentence as precedence, so the Court could believe my testimony, and that in turn of his Camp's use of precedence as mentioned on page 20-22 of Habeas filed in Western District Court, I looked up the definition and recieved a guarantee through it's definition as Stare Decisis. Because State v Windweedle was a Garfield County case that previously took place with a "military man" and was authority to my current case as a "military man."

Once, without a doubt I had established Camp used State v Windweedle as Garfield County Precedence for a plea, by my Father's testimony, then the Court could then rely and believe I looked up this definition and how it was meant to be used in my case verses Camp's use of it in State v Windweedle as Garfield County Precedence for my future sentence on plea.* Then with this factual basis in my Father's testimony the Court can believe I looked up this definition to understand what my attorney's use through his Precedented case meant for my sentence as a "military man."

and through this definition I understood Mr. Windnweedle's sentence as a "military man" was a previous case with authority in Garfield County for Garfield County to sentence me as a "military man" according to this previous "military man's" sentence as doctrin Stare Decisis. This with the fact that on my "Plea of Guilt" form was no minimum sentence on question 11, this is clear evidence of a misrepresentation of my sentence for which the Judge could consider, question 21.

Through this definition of Precedence I thought doctrine of Stare Decisis applied to State v Windnweedle as a "military man," and I recieved a guarantee from this Definition and Camp's use of it in this "military man's" sentence verses mine.

Mr. Camp unfairly held out this "military man's" case as Precedence in Garfield County knowing Windnweedle's 30 year sentence total, and through this case as Precedence Camp was giving an authoritative assurance of leniancy to ME in exchange for my plea. I in turn looked up this definition so I could be informed and through its definition recieved an assurance of Camp's use of this "military man's" 30 year sentence as precedence and I relied thereon that definition used by Camp as an authoritative assurance of leniency in my determination of potential sentence on plea.

Mr. Camp materially misled me of my potential sentence by misrepresenting that the Court's probable disposition has precedence for my sentence as a "military man" and would result in 30 years (15 suspended). To further establish this material misrepresentation Mr. Camp left the minimum sentence on Question 11 of "Plea of guilty" form Blank to represent on Blind Plea there was no minimum sentence and I could be sentenced to "anything up to Life w/o Parole." U.S. v Rhodes (913 F.2d 839, 843) cert denied (498 U.S. 1122, 111 S.Ct. 1079, 112 L.Ed. 2d. 1184) quoting U.S. v Laylock (880 F.2d 1184, 1186), U.S. v Williams (919 F.2d 1451), U.S. v bigot (147 F.3d 1193)

A hidden guarantee promise was made when Camp used State v Windnweedle as Garfield County Precedence and was not kept; nor was the promise of sentence on question 11 and 21, and this is proven by the plea of guilty form, my father's affidavit and the definition of Precedence. As a result, my plea is not intelligent according to my potential sentence on plea. Machibroda v U.S. (368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473) "This case has been extended to representations by an accused's counsel by prearrangement with the court, a plea of guilt will not result in a greater than punishment, when, in fact, a greater punishment is imposed." U.S. v Hawthorne (502 F.2d 1183); U.S. v Valenciano (495 F.2d 585); Roberts v U.S. (486 F.2d 980) Walter v Harris (460 F.2d 988) (by implication) cert denied (409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed. 2d 262) all taken from Allison v Blackledge (533 F.2d 894)

Ordinarily, I would be held to this statement at the time I entered plea, however, I have advanced a "Reasonable Explaination" for my statement, that Camp assured me and my family that State v Windnweedle was precedence for my futures sentence on plea as a "military man" in Garfield County. Crawford v U.S. (519 F.2d 347), and, because Camp did use State v Windnweedle as Precedence and a factual basis has been and can be fully established Mr. Jamieson is therefore not foreclosed by the statement he made in order to effect the acceptance of his plea from subsequently attacking it's voluntariness. Edwards v Garrison (529 F.2d 1374)

Mr. Camp has admitted to using this case and sentence as an earlier case in Garfield County, and that this case as a "military man" was relevant to the future disposition of my sentence on Blind Plea as a "military man". These actions by Camp through this misrepresentation present the Court with

(1) This was testified too by me at withdraw plea hearing, but, was not developed with my family's testimony; nor developed on Direct Appeal with family's testimony. Both Mr. Wall and [illegible] relied solely on my testimony when they were both aware my family had similar conversations with Camp about State v Windweedle as Precedence, and this was ineffective assistance by Both. I have made this claim as so in ERROR 6 and 7 later discussed.

the very definition of Precedence.

As a result my plea is involuntary because it was the product of defense counsel's unkept guarantee that State v Windweedle was precedence for the my future sentence as a "military man" in Garfield County to be the Same. Through this case Camp assured me I would recieve a sentence far lesser than that imposed as a "military man" in Garfield County, that although at the time I represented Camp had made no use of the word "promise" and that the plea was voluntary, I am not precluded from attacking the voluntariness where I so answered because Camp presented me with Precedence for my Sentence and a plea of guilty form that had no minimum sentence for which the Judge could consider as my range of punishment.

(1) For these reasons the Western District Court in Oklahoma has arrived at an objectively unreasonable decision based on an unfair and inadequate determination of fact in State Court, which is contrary to Federally established law. Mr. Camp misrepresented alternative course of action, materially misrepresenting and misinforming Mr. Jamieson State v Windweedle was Garfield County Precedence for pricipals of Equal Justice in sentencing me as a "military man" in Garfield County, misleading him he was following in Windweedle's steps toward 30 years sentence (15 suspended). Mr. Camp unfairly held out this authoritative assurance of Leniency when he's misrepresented this "military man" 30 year sentence as Precedence in exchange for my Blind Plea to first-degree murder with NO minimum Sentence on form and I should be allowed to withdraw my plea as un-intelligent to potential sentence on plea.

ERROR 4: "Mr. Camp's actions go against Knowing or Warning Mr. Jamieson of Life with Parole as a minimum sentence."

The previous courts have ignored relevant fact's in the record concerning Camp's actions which are contrary to Knowing or warning me of Life with Parole as my minimum sentence on Blind Plea.

#1: Mr. Camp on "Plea of Guilty Summary of Fact's" Form (States Exhibit #1) left the minimum sentence on Question 11's Range of Punishment Blank, and this in his explaination misled me to belive my range of punishment was not limited to any minimum sentence. Question 11 and 21

This "Plea of Guilty" Form is "clear and convincing evidence" that Camp misrepresented and misled me of my potential sentence on plea as having NO minimum sentence and is proven on question 11, Camp, further assured me "The Court could sentence [me] within Range of Punishment stated in question 11," proving without a doubt these questions and answers with erroneous sentence range misled me of potential sentence that could be imposed by the Court.

* Question 11: "Do you understand the range of punishment for Crime is: (1) minimum of ______ to a maximum of 'up to Life w/o Parole'" (Yes)

* Question 19: "Is there a plea agreement?" (NO)

* Question 21: "Do you understand that if there is NO plea agreement the Court can sentence you within range of Punishment stated in Question 11?" (Yes)

These questions and answers were Camp's Basis of Fact when explaing my sentence, spcifically explaining Question 11 and 21 that I had NO minimum sentence to worry about it was BLANK

① I testified at withdraw hearing to this range of punishment, and it is written right there on the form as my range of punishmt.

the Court can sentence you to "anything up to Life w/o Parole." ① Camp even wrote my range of punishmt as "anything up to Life w/o Parole" and this indicates there is no minimum. This is clearly wrong, I was not eligble for anything. I was only eligble for Life, and I did not know this at the time of plea. I was doing what my attorney told me I had to do to avoid a Life sentence, by telling me I had no minimum sentence as I testified to as "anything up to Life w/o Parole" Camp misled me of the potential sentence the Judge could impose on plea.

* I only agreed to sign plea [redacted] and allow a plea hearing be set because there was no minimum sentence and there was precedence in Garfield County for my sentence to be equal to Windowsell's 30 year sentence (15 suspd) as a "military wary" without these errors there would have been no plea and I would have went to trial. U.S. v Wright (930 F.2d 808, 811 (10th cir) 1991) [*6] citing Gomez-Cuevas, 917 F.2d at 1527) "The courts have construed that Rule11 language as requiring that a defendant show that knowledge of omission would have change decision to plead guilty."

I seen in Black and White on Plea Form I had no minimum sentence and was under [redacted] this misrepresentation until Mr. Morehead told me the Form [redacted] was not correctly filled out according to my Range of Punishmt on question 11 and 21.

#2: Mr. Camp at plea hearing made a statmt to the Court that "we have No idea what Judge Hladik will do on blind Plea"

This statement by Camp that "we have no idea" goes against having Knowledge of the correct range of punishment. If Camp Knew the correct range he would have an IDEA only one sentence could be imposed Life and the only thing the Judge would consider is to grant parole or not.

The statmt and No minimum sentence on form are proof neither my attorny or self understood Life with parole was my minimum sentence.

#3: On page 101 of Sentencing transcripts Camp requests "the Court not to impose Life in prison with or without parole," and this is contrary to Oklahoma's minimum sentence requirement for client's conviction. These are the only two sentences allowed by law but unknown to me at the time of plea and apparently my attorny.

The attorny general argued that Camp's intentions were to try and get me a suspended Life sentence, However, as mentioned above Camp requsted the Court not impose "Life in prison with or without parole" so this was clearly not his [redacted] intentions. Nor does Camp ask the Court for such a suspended life sentence and used a 30 year suspended sentence to a negotiated plea, rather than bring to the Courts attention that OK Statue title 22 § 991 a (A)(1) allows for such a suspended Life sentence or a case for which a Life sentence was actually suspended.

For these reasons I will tell you this was not Camp's intentions and prove the Atty. Gen. arguent is weak and frivolas.

#4: On page 101 of sentencing transcripts, Mr. Camp says to the Court, "I Know Mr. Jamieson is entitled to a deferred sentence and suspended sentence, and I am not at all naive enough to believe the Court would impose anything such as that." This is contrary to Oklahoma law you are not allowed a deferred sentence for any murder conviction even if it is your first conviction.

This also negates the Atty. Gen. argmt of a Suspended Life sentence, because, Camp said "he was not at all naive enough to believe the court would impose anything such as that," referring to a defferred and suspended sentence.

#5: Camp used a negotiated plea to First-Degree Manslaughter and a 30 year sentence to misrepresent same outcome on a Blind Plea to First-Degree murder.

How can you think my attorney warned me of my minimum sentence when #1 it is not on form and listed as a fact as so but #2 Camp used a 30 year suspended sentence to convince me of my plea. You could not use a 30 year sentence to convince me of plea then tell me I have a minimum sentence of Life, that would mean I am not eligble for that 30 year sentence for which you said I could get.

Camp went over this plea of guilty summary of facts form (State's Exhibit 1) question by question and explained how my sentence would work according to question 11, 19, and 21 on form, showing me I had NO minimum sentence because it was Blank. That since it was Blank and a Blind Plea there was no agreement with the District Attorney but that the Judge could sentence me within range of punishment on question 11 with no minimum sentence.

* These events are proven by State's Exhibit # 1 "Plea of guilty Summary of facts" form and the answers on 11, 19 and 21 were the whole reason why Camp was able to mislead me of my potential sentence. If Life with parole had been correctly on question 11 of this form there would not have been any agreement to sign Plea by me - U.S. v Wright (930 F.2d 808, 811 (10th cir. 1991) [*6] citing Gomez v Cavas, 917 F.2d. at 1527)

This omission on question 11 and 21 is contrary to the minimum sentence requirement of Rule 11 language and if the knowledge of this omission had been on form I would have understood and would not have signed form and there would not have been any plea hearing.

The range of punishment on question 11 is incorrect misleading me to believe I had no minimum sentence requirement, and this makes the Plea of Guilty form invalid and this cannot be the basis for which this plea having took place. Since, my understanding of this form was under a false and erroneous range of punishment on question 11 and 21 before plea.

This erroneous sentence was listed as a fact on form that I agreed too and was a Promise of my sentence the Judge would consider when sentencing me. This range is outside Oklahoma law and as a result any plea is unlawful and cannot be enforced because the Judge could not consider this range of punishment as stated on question 11 and 21 when calculating my sentence.

I made a deliberate choice to sign a "plea of guilty Summary of facts" form that had NO minimum sentence for which the Judge could consider in my potential sentence. The Judge could not consider this range of punishment when considering my sentence so my plea is not voluntary, considering. U.S. v Atterbury (144 F.3d 1299) "Court of Appeals will hold defendant to terms of a lawful plea agreement"
* My plea is not and was not lawful because of the erroneous range of punishment on question 11 and 21 of form.*

U.S. v Cooper (70 F.3d 563) "Plea agreements are governed by contract principals," and within my plea "contract" the Judge could consider my sentence with NO minimum, the Judge could not so my plea is not voluntary -

US. v Gigot (147 F.3d 1193) and US. v Williams (919 F.2d 1451)

The Western District Court of Oklahoma said in it's Decision "Petitioner Signed Plea of Guilty Summary of Facts form which he affirmed he understood range of punishment for offense." However, what the Court failed to mention or acknowledge in its argument the Form for which it referred was absent any minimum sentence in it Range of Punishment for offense, and was agreed to with my understanding this no minimum sentence would be what the Judge would and could consider in his deliberation of my sentence as a "military man" in Garfield County.

This is a Fact listed on my "Plea of guilty Summary of facts" form and is the factual basis of why and how I misunderstood my potential sentence from the Judge.

The previous Court's have arrived at an objectively unreasonable determination of the fact that there clearly is NO minimum sentence on "Plea of Guilty Summary of Fact" form, and by not considering there is no minimum sentence on this form they have arrived at an objectively unreasonable decision. The plea hearing was the result of this Erroneous minimum sentence on form and Camp's use of this erroneous minimum sentence to materially mis-represent Windmiller's 30 year sentence as Precedence for military men" on plea in Garfield County Court for me as a "military man" to recieve as my potential sentence, and this makes my plea involuntary.

The previous courts have ignored the fact that I signed this "Plea of Guilty" form with no minimum sentence, and that I misunderstood this as my potential sentencing range as a result, and, because of this misunderstand this plea hearing took place. It would be HARD for most people reading this form with no minimum sentence on form to believe I understood Life with parole as my minimum sentence since it is not listed as my minimum sentence on form.

I should be allowed to withdraw my plea because there was no minimum sentence on form and used by Attorney to convince me of my potential sentence on plea hearing no minimum, and it is easy to Reasonably Believe I understood this incorrect minimum sentence as my range of punishment the Judge would consider as my potential sentence.

I because of the incorrect minimum sentence on form overcome AEDPA unreasonable determination of fact standard and objectively unreasonable decision.

[redacted]

ERROR 5: "Mr. Murchel was ineffective appellate counsel for bringing to the Court's attention Judge Franklin was not clear on his part to ensure Mr. Jamieson understood Life with Parole was his minimum sentence."

Judge Franklin made sure I read and understood "Plea of Guilty Summary of Fact" form and ensured I signed this form under the understanding therein that form; as previously mentioned in ERROR 4 there was no minimum sentence on that "Fact Form," so the Honorable Judge ensuring I understood this form only confirmed and ensured I had no minimum sentence which was listed as a fact within that form and he could sentence me within that erroneous range of punishment as was stated on the form as a fact.

* His Honor had a job to ensure Mr. Jamieson understood Life with Parole was his minimum sentence; without His Honor correcting this "no minimum sentence" error on the form His Honor was at fault for my misunderstanding of potential sentence on plea of guilty for which the Judge could consider

① (2008 OK CR 30, 199 P.3d 877, 2008 Okla Crim. App. Lexis 38)
② (749 P.2d. 212)
③ (1995 OK CR 42, 909 P.2d 783, *790 1995 Okla Crim App Lexis 47 **17, 66 OB.AJ 2675)



when sentencing me on this "plea of guilt" form that had no minimum sentence listed on form.

The previous courts have ignored this fact which affected the intelligence of my potential sentence on Plea of Guilt and as a result my plea is involuntary, and because the Court's have ignored this fact it is an "unreasonable determination of fact" by my inability to develop these facts. Thus resulting in an "objectivly unreasonable decision," and this error is correctly before this Court upon review and this Honorable Court can correct this error that has taken place.

For this reason of the Judge not correcting erroneous minimum sentence on Form he is at fault for my misunderstanding of potential sentence and I should be allowed to withdraw my plea.

ERROR 6: "Mr. Morehead was ineffective assistance of appellate counsel for failing to raise Brian Lovell as ineffective counsel during hearing to withdraw plea. Brian Lovell failed to have Mr. Jamieson's father and Sister testify in support of my testimony during hearing. ① Wiley v State (and ② Jenning v State would have been appropriate cases to argue because, "When counsel knows of existance of person's who possess information relevant to his client's defense and fails to use diligance to investigate that evidence, such lack of industry cannot justify Strategic error."

This was a reasonable investigation, Mr. Lovell had a duty to diligently pursue this investigation; he knew my father and Sister possed relevant information to develop a factual basis at hearing I was telling the truth. Prior to hearing they had spoken to Mr. Lovell about Camp's use of this case as Garfield County precedence for my sentence on plea as a "military man" and they were at hearing. [redacted]

This evidence would have provided the factual basis needed for the Court to believe my testimony, and Lovell's failure to do so fell outside range of reasonable professional conduct and assistance and there by amounted to deficient representation under First prong of Striklard. Gonzales v McKune (247 F3d 1066) Eble v Gibson (227 F.3d. 1298)

Mr. Lovell had a job to diligently investigate evidence relevant to my case as a result he did not develop the facts diligently and was ineffective. This failure to have them testify resulted in his lack of a factual basis to withdraw my plea when one could have been established, Lovell could have supported my testimony concerning Camp's use of State v Windwalker for my sentence as a "military man." Proof is my Dad's Affidavit to these facts he could have testified to along, Sister.

③ Braun v State has made clear "a petitioner in most instances must do more than testify but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. We do not think it would suprise courtroom observers to know most defendant's who recieve death sentence after plea would seek to withdraw plea. Accordingly, any court would cast suspicious eye toward testimony of suspect." And knowing they possessed relevant information about Camp's use of Windwalker sentence a Precedence and failing to present that evidence at hearing Lovell became ineffective according to Wiley v State, Jenning v State and Braun v State.

My family possessed information needed to provide a factual basis I was telling the truth and withdraw my plea. Their complete testimony fully developed will prove Camp used State v Windwalker

as Garfield County Precedence for their son and Brother's plea to equal a specifically numbered sentence to equal Mr. Whelwecke's sentence as a "military man" in Garfield County on plea, and with this factual basis the Court will believe I looked up definition and from definition got a grantee of my sentence from Precedent's definition.

* Mr. Lovell had the chance with their testimony to withdraw my plea by showing Camp's actions were the definition of Precedence and were used to mislead Mr. Jamieson of plea of guilty, thus informing the Court Mr. Jamieson "an accused should be allowed to withdraw his plea of guilt where any reasonable ground is offered in support of request." Freeman v State (512 P.2d 236) * Further, "where it reasonably appears a defendant's plea of guilty was influenced by a person in apparent authority which has led defendant to believe by entering such a plea his punishment would be mitigated, he should be allowed to withdraw his plea of guilt and enter a plea of not guilty." Sag Harbor Associates v State (444 P.2d 249), Conely v State (444 P.2d 252); McClound v State (485 P.2d 480)

With my family's testimony at hearing it would have reasonably appeared that my plea was influenced by Camp, "a person in apparent authority" and misled me of my potential sentence by entering this plea with NO minimum sentence and according to this "military man's" sentence, and as such my punishment would be mitigated accordingly; with this factual basis I would have been allowed to withdraw my plea. However, the factual basis was not advanced by Mr. Lovell and as a result he was ineffective.

This was a reasonable investigation but not diligently developed and Counsel was ineffective.

I was given a "Remand" on this issue and on this "Remand" I was given an Evidentiary Hearing, However, I was not sent notice to prepare for this Hearing. As a result the State of Oklahoma's "determination of fact" has been based on my [redacted] inability to present evidence for a Hearing I did not know about, which would have allowed me to withdraw my plea.

Now without notice I did not have any chance to prepare and present the facts for the State's determination of fact, and as a result the "States fact finding procedure" was inadequate and unfair in its determination resulting in an "objectively unreasonable decision based on this inadequate and unreasonable determination of facts." As such OCCA's decision to Affirm based on this hearing held without notice their decision is "unreasonable" for the same reasons, and the Western District Court of Oklahoma's decision to use this hearing held without the party to present evidence notice is unreasonable for the same.

You cannot use a hearing on evidence that was held without ME the party expected to present evidence notice to prepare such evidence that would allow him to withdraw his plea.

For these reasons the previous courts decisions are unreasonable and this error is correctly before this court to rule and allow me to withdraw my plea and proceed to trial.

I hereby incorporate my argument from COA and ERROR B as evidence of the State's "unreasoned determination of fact resulting in an objectively unreasonable decision."

ERROR 7: "Mr. More head was ineffective appellate counsel for failing to obtain information and affidavits from Mr. Jamieson's Father and Sister in support of claim on Direct Appeal. He failed to develop the Facts of his claim" Jennings v State (744 P.2d 212) "When counsel knows of existance of persons who possess information relevant to his client's defense and fails to use due diligence to investigate that evidance, such lack of industry cannot be justified by strategic error" Oklahoma case is Wiley v State (2008 OKCC. 30, 199 P.3d 877)

This was a reasonable investigation Mr. Morehead had a duty to diligently investigate in support of his claim on Direct Appeal, and he knew my Father and Sister possessed evidence relevant to establishing the factual basis needed to withdraw my plea. Mr. Morehead relying solely on my testimony, from withdraw hearing to support claim on Direct Appeal knowing Mr. Covell failed to have my father and Sister testify in support of claim at hearing was ineffective. The reason this was ineffective, is found in Braun v State (1995 OK CR 42, 909 P.2d 783, *790), this case has made known a Petitioner in most instances must do more than testify but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. As we said in Braun, "[W]e do not think it would suprise courtroom observers to know most defendant's who recieve death sentences after plea would seek to withdraw plea. Accordingly, any court would cast suspicious eye toward testimony of suspect."

Mr. Morehead knew my Father and Sister possess evidence relevant to establishing the factual basis I was telling the truth at withdraw hearing concerning Camp and his use of State v Winderweedle, he used that testimony as his sole evidence. When I had spoken to him during a visit here a Davis Correctional Facility and informed him they were at my withdraw hearing to testify to this evidence and if he was going to raise this issue he needs to speak to them, because, Mr. Lovell failed to develop the facts of this at hearing without having them testify, and Mr. Morehead told me this was ineffective by Mr. Lovell, he needed their testimony for the court to believe me.

Now, Mr. Morehead like Mr. Lovell had the chance to provide the courts with this factual basis in developing his claim concerning Camp; their failure while knowing my family possessed relevant information but not investigating was ineffective. This failure to do so fell outside range of reasonable proffesional conduct and assistance, thereby amounting to deficient representation under the first prong of Strickland. Gonzales v McKune (247 F.3d 1066); Hale v Gibson (227 F.3d 1298)

My Father and Sister possessed relevant information needed to provide the factual basis needed to withdraw my plea, their testimony developed would have shown Mr. Camp used State v Windunweedle's sentence as precedence in Garfield County for their Son and Brother's plea to equal a specifically numbered sentence as a "military man" in Garfield County; without my Father and Sister's evidence this failure to investigate resulted in the facts on Direct Appeal from being developed and there were no facts which the court would reasonably consider to withdraw my plea.

Mr. Morehead knowing they possed relevant information about Camp's use of State v Windunweedle as precedence in Garfield County for my plea and failed to obtain this evidence became ineffective "when counsel knows of persons who possess information relevant to client's defense and fails to use due diligence to investigate that evidence, such lack of industry cannot be justified by strategic error" Wiley v State, Jennings v State

Mr. Morehead had the chance with their testimony to develop the facts of his claim and show I was testifing to the truth, and that Camp's were the very definition of precedence and used to mislead me of the potential sentence the Judge would consider in sentencing me on plea of guilty; informing the Courts

Mr. Jamison "an accused should be allowed to withdraw his plea of guilt where any reasonable ground is offered in support of ground-" Freeman v State (512 P.2d 236) Morehead could have further proved, "where it reasonably appears a defendant's plea of guilt was influenced by a person in apparent authority which has led defendant to believe by entering such a plea his punishment would be mitigated, he should be allowed to withdraw his plea of guilt." Snug Harbor Association v State (444 P.2d 249); Canely v State (444 P.2d 252); McCloud v State (485 P.2d 480)

Mr. Moread tried to do this but did not develop the facts of his claim. However, with my family's information it would have reasonably appeared my plea of guilt was influenced by Mr. Camp "a person in apparent authority," not only misled Mr. Jamieson but his family to believe by entering this plea according to this previous "military man" sentence as Precedence in Garfield County his punishment would be mititgated as a "military man" according to this previous "military man's" sentence, and as such I would have been allowed to withdraw my plea on Direct Appeal with the development of this factual basis neglected by Mr. Morehead.

This was a reasonable ground with facts to support, but because it was not diligently developed Mr. Morehead was ineffective on Direct Appeal.

I was given a remand on this issue from O.C.C.A to Garfield County so they could enter a "proper order addressing my ineffective appelate counsel claims," which were all my claims. On this remand Garfield County decided an Evidentiary Hearing was needed and on 11 May, 2010 filed an "ORDER" granting this hearing be held on 25 May, 2010. However, as previously mentioned I was never given or sent any notice from Garfield County of this Evidentiary Hearing and until the Judge told me it was an Evidentiary Hearing on 25 May, 2010 I did not know about this hearing. I now incorporate my argument on page concerning my COA as proof of the States inadequate determination of fact and unreasonable decision based on the inadedquate determination. Also ERROR 8 was suppose to be my argument that covered this inadequate develpmt of facts as a result of no notice of Evidentiary Hearing and I incorporate it's arguments.

I request for these reasons that I be allowed to withdraw my plea and proceed to trial.

ERROR 8: "Evidentiary Hearing on 25 May, 2010 was held without giving Mr. Jamieson any notice from court granting hearing, as a result of no notice the hearing was held inviolation of Due Process."

Hatch v State (1996 OKCR 37, 924 P.2d 284, *291) was quoted saying, "The quintessential requirements of Due Process are notice and opportunity to be herd." Cooper v State (889 P.2d 293, 301-02 (Okla Cir 1995)), reversed on other grounds, 116 S.Ct. 1373, 134 L.Ed 2d. 498, 64 U.S. L.W. 4255, 1996 WL 174481, 59 Crim L. Rep 2011 (U.S. 1996)

Hatch also mentioned "due process is flexible and calls for such procedual protections as the particular situation demands" Morrissey v Brewer (408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed. 2d 484 (1992)

"Due Process of law ... does not allow a hearing to be held without giving a petitioner timely notice, inadvance of hearing" In re Gault 387 U.S. 1, 33-34, 87 S.Ct. 1428 1446-1447, 18 Ed. 2d 527 (1967) Taken from Stephans v Kemp (469 U.S. 1043, 105 S.Ct. 530)

I hereby incorporate this arguent as evidence to the States unreasonable determination of fact resulting in their unreasonable decision based on this unreasonable determination of fact.

I have argued with "clear and convincing evidence" I did not have notice of this Evidentiary Hearing, this issue was suppose to on my Previous Habeas Corpus prove the State's fact finding

procedure was unfair and inadequate in its determination of fact, and because it was the determination of fact on all my issues raised on post-conviction the State's determination and decision was unreasonable.

This Evidentiary Hearing was the State of Oklahoma's "Fact finding procedure" in determining facts on Post-Conviction and because "notice" was never sent to me, the party expected to present facts that would allow me to withdraw my plea this hearing was in violation of my Due Process and a Constitutionally inadequate determination of facts by the State of Oklahoma resulting in their objectively unreasonable decision based on this inadequate determination of facts. Thus, providing this honorable Court with the unique circumstance to rule on my Habeas claims because of the violation which occured during the State's determination of fact when arriving at their decision.

I have now because of "no notice" of the State Courts determination of fact by Evidentiary Hearing overcome the AEDPA Standard of "unreasonable determination of fact" and "objectively unreasonable decision" and this court has the opportunity to correct my case.

I diligently developed the factual basis of my claims in State court and was given an Evidentiary Hearing as a result of this factual basis, but because of "No notice" this hearing was not full, fair or adequate and I have requested one in this Court. However, in the alternitive I have proven without a doubt my plea of guilty form had no minimum sentence and because of this "no minimum" I was materially misled of my potential sentence and my attorney used this to convince me that a "military man" was given 30 years on a plea and the Judge could and would sentence me according to this previous "military man's" sentence as I was a "military man" and this case was precedence for me as a "military man" in Garfield County. This has a factual basis and for this reason I should be and would request this court to withdraw my plea according to this incorrect Range of Punishment as my potential sentence on plea, and ask that I be allowed to proceed to trial.

For these reasons I pray and thank you.

Jeremiah Jamison #575217
6888 E 133 Rd
Holdenville, OK 74848

(1) My legal mail mailog is attached for easy access
(2) "ORDER" Granting Evidentary Hearing Filed on 11 may, 2010 (State Exhibit 6)
(3) Plea of guilty Summary of Facts form (State Exhibit 1) also for easy access

**FILL OUT AND SIGN EACH OF THE FOLLOWING TWO SECTIONS**

==================================================================

I affirm under the penalty for perjury that I placed this Appellant's Combined Opening Brief and Application for a Certificate of Appealability with first-class postage prepaid in the prison mail system or, if I was not incarcerated, in the United States Mail, addressed to the Clerk of the U.S. Court of Appeals for the Tenth Circuit, 1823 Stout St., Denver, CO 80257. In addition, I hereby certify that a copy of this form was placed with first-class postage prepaid in the prison mail system or, if I was not incarcerated, in the United States Mail, addressed to:

Theodore M. Peeper, OBA #19909 Assistant Attorney General
313 NE 21st Street, Oklahoma City Oklahoma 73105
(identify the name and address of the opposing governmental attorney)

on the following date:

| August | 22 | 2011 | [signature] |
|---|---|---|---|
| month | day | year | signature |

==================================================================

I certify that the total number of pages I am submitting as my Appellant's Combined Opening Brief and Application for a Certificate of Appealability is 30 pages or less or alternatively, if the total number of pages exceeds 30, I certify that I have counted the number of words and the total is N/A under 30 pages, which is less than 14,000. I understand that if my Appellant's Combined Opening Brief and Application for a Certificate of Appealability exceeds 14,000 words, my brief may be stricken and the appeal dismissed.

| August | 22 | 2011 | [signature] |
|---|---|---|---|
| month | day | year | signature |

My combination is less than 30 pages, only 26 pages.

"ORDER" Entered on 10 May, 2010 & Filed on 11 May, 2010
No mail from Garfield County Proof J. did not know about Hearing on 25 May, 2010

3

**Inmate: JAMIESON, JEREMIAH D**

**Booking #: 1358644** **Permanent ID: 1211511**

| Date Received/Sent | Received/Sent | Received From/Sent To | Address | Cas |
|---|---|---|---|---|
| 12/30/2009 | INCOMING-LEGAL | OK INDIGENT DEFENSE SYSTEM, APPEALS DIV | P.O. BOX 926, NORMAN, OK 73070 | |
| 01/13/2010 | INCOMING-LEGAL | DON POPE | | |
| 01/26/2010 | INCOMING-LEGAL | DON POPE | | |
| 02/09/2010 | INCOMING-LEGAL | DON POPE | | |
| 02/10/2010 | INCOMING-LEGAL | MARGARET JONES, GARFIELD CO COURT CLEI | 114 W BROADWAY, ENID OK 73701 | |
| 02/11/2010 | INCOMING-LEGAL | CATHY STOCKER, DA | GARFIELD CO COURTHOUSE, ENID OK 73701 | |
| 02/22/2010 | INCOMING-LEGAL | DENNIS W HLADIK, DIST JUDGE | GARFIELD CO COURTHOUSE, ENID OK 73701 | |
| 02/23/2010 | INCOMING-LEGAL | DON POPE | | |
| 02/25/2010 | INCOMING-LEGAL | SHARON MELROSE, INTENT TO APPEAL | 114 W BROADWAY, ENID OK 73703 | |
| 03/02/2010 | INCOMING-LEGAL | DON POPE | | |
| 03/04/2010 | INCOMING-LEGAL | DON POPE | 702 WALL ST SUT 200 NORMAN OK 73069 | |
| 03/15/2010 | INCOMING-LEGAL | MICHAEL S RICHIE, APPEALS CLERK | RM B-2 STATE CAPITOL, 2300 N LINCOLN, OKC OK 73105 | |
| 03/23/2010 | INCOMING-LEGAL | MARGARET JONES, GARFIELD CO COURT CLEI | 114 W BROADWAY, ENID OK 73701 | |
| 03/23/2010 | INCOMING-LEGAL | DON POPE | | |
| 03/24/2010 | INCOMING-LEGAL | MICHAEL S RICHIE, APPEALS CLERK | RM B-2 STATE CAPITOL, 2300 N LINCOLN, OKC OK 73102 | |
| 03/30/2010 | INCOMING-LEGAL | DON POPE | | |
| 04/06/2010 | INCOMING-LEGAL | DON POPE | | |
| 04/28/2010 | INCOMING-LEGAL | DON POPE | | |
| 05/10/2010 | INCOMING-LEGAL | MICHAEL S RICHIE, APEPALS CLERK | RM B-2 STATE CAPITOL, 2300 N LINCOLN, OKC OK 73105 O.C.C.A. "Remand" | |
| 06/02/2010 | INCOMING-LEGAL | DON POPE | | |
| 06/08/2010 | INCOMING-LEGAL | DON POPE | | |
| 06/18/2010 | INCOMING-LEGAL | MICHAEL S. RICHIE, APPELLATE CLERK | RM B-2 STATE CAPITOL BLDG., 2300 N. LINCOLN BLVD., OKC, OK 73105 | |
| 06/22/2010 | INCOMING-LEGAL | MICHAEL S RICHIE, APPEALS CLERK | RM B-2 STATE CAPITOL, 2300 N LINCOLN, OKC OK 73105 | |
| 06/28/2010 | INCOMING-LEGAL | DON POPE | | |
| 07/13/2010 | INCOMING-LEGAL | DON POPE | | |
| 07/13/2010 | INCOMING-LEGAL | DON POPE | | |
| 07/20/2010 | INCOMING-LEGAL | DON POPE | | |
| 07/27/2010 | INCOMING-LEGAL | DON POPE | | |
| 07/27/2010 | INCOMING-LEGAL | DON POPE | | |
| 07/29/2010 | INCOMING-LEGAL | DON POPE | | |
| 08/10/2010 | INCOMING-LEGAL | DON POPE | | |
| 08/17/2010 | INCOMING-LEGAL | DON POPE | | |

*1012323301*

FILED
GARFIELD COUNTY, OKLA.
MAY 11 2010
MARGARET F. JONES
COURT CLERK
BY [signature]
DEPUTY COURT CLERK

IN THE DISTRICT COURT OF GARFIELD COUNTY
STATE OF OKLAHOMA

State of Oklahoma
Plaintiff
Vs. CF-2007-227

Jeremiah Jamieson
Defendant

## ORDER

On this 10th day of May, 2010, the court is in receipt of the Order Remanding Matter to the District Court of Garfield County issued by the Court of Criminal Appeals on May 7, 2010. After review of the court file, the court finds that in the interest of justice the defendant should be brought before the court to present evidence relevant to his request for post conviction relief.

It is therefore ordered that this matter be set for hearing on the 25th day of May, 2010 at 10:00 o'clock a.m. and that the Sheriff of Garfield County transport the defendant to the hearing.

[signature]
Dennis W. Hladik
District Judge

EXHIBIT
26

*1005577909*

FILED
GARFIELD COUNTY, OKLA.
JAN 22 2008
MARGARET F. JONES
COURT CLERK
BY Marilyn Perkins
DEPUTY COURT CLERK

IN THE DISTRICT COURT OF GARFIELD COUNTY
THE STATE OF OKLAHOMA

THE STATE OF OKLAHOMA, )
Plaintiff, )
)
vs. ) Case No. CF 07 227
Jeremiah Jamieson )
Defendant. )

[Note: The trial judge shall ensure the defendant is sworn either prior to completing the Summary Of Facts or prior to the inquiry by the Court on the plea. If the defendant is entering a nolo contendere, or other type of guilty plea, correct by pen where term "guilty" is used.]

**PLEA OF GUILTY**

**SUMMARY OF FACTS**

PART A: FINDINGS OF FACT, ACCEPTANCE OF PLEA

CIRCLE

1. Is the name just read to you your true name? **(Yes)** No
   If no, what is your correct name?________
   I have also been known by the name(s):________
2. A. Do you wish to have a record made of these proceedings by a court reporter? **(Yes)** No
   B. Do you wish to waive this right? Yes **(No)**
3. Age: 24 Grade Completed in School: 12
4. Can you read and understand this form? (If the answer above is no, Addendum A is to be completed and attached.) **(Yes)** No
5. Are you currently taking any medications or substances which affect your ability to understand these proceedings? Yes **(No)**
6. Have you been prescribed any medication that you should be taking, but you are not taking? Yes **(No)**
   If so, what kind and for what purpose?________
7. Have you ever been treated by a doctor or health professional for mental illness or confined in a hospital for mental illness? Yes **(No)**
   If yes, list the doctor or health professional, place and when occurred.
8. Do you understand the nature and consequences of this proceeding? **(Yes)** No
9. Have you received a copy of the Information and read its allegations? **(Yes)** No
10. A. Do you understand you are charged with:

| | Crime | Statutory Reference | | |
|---|---|---|---|---|
| (1) | Murder I | 21 O.S. 701.7A | **(Yes)** | No |
| (2) | | O.S. | Yes | No |
| (3) | | O.S. | Yes | No |

For additional charges: List additional charges on a separate sheet and label as PLEA OF GUILTY, ADDENDUM B.

EXHIBIT 1

B. Are you charged after former conviction of a felony? Yes **No** (circled)

If yes, list the felony(ies) charged:____________________________________________

______________________________________________________________

11. Do you understand the range of punishment for the crime(s) is/are: (List in same order as number 9. above.)

UP TO LIFE w/o PAROLE — Yes (circled)

(1) Minimum of ________ to a maximum of _____ and/or a fine of $____________ Yes No

(2) Minimum of ________ to a maximum of _____ and/or a fine of $____________ Yes No

(3) Minimum of ________ to a maximum of _____ and/or a fine of $____________ Yes No

(4) Minimum of ________ to a maximum of _____ and/or a fine of $____________ Yes No

For additional charges: List any additional punishments on a separate sheet, with additional crimes and labeled as PLEA OF GUILTY, ADDENDUM B.

12. Read the following statements:

You have the right to a speedy trial before a jury for the determination of whether you are guilty or not guilty and if you request, to determine sentence. (If pleading to capital murder, advise of procedure in 21 O.S. 701.10(B)).

At the trial:

- You have the right to have a lawyer represent you, either one you hire yourself or if you are indigent a court appointed attorney.
- You are presumed to be innocent of the charges.
- You may remain silent or, if you choose, you may testify on your own behalf.
- You have the right to see and hear all witnesses called to testify against you and the right to cross-examine them.
- You may have your witnesses ordered to appear in court to testify and present evidence of any defense you have to these charges.
- The state is required to prove your guilt beyond a reasonable doubt.
- The verdict of guilty or not guilty decided by a jury must be unanimous. However, you can waive a jury trial, and if all parties agree, the case could be tried by a Judge alone who would decide if you were guilty or not guilty and if guilty, the appropriate punishment.

Do you understand each of these rights? **Yes** (circled) No

13. Do you understand by entering a plea of guilty, you give up these rights? **Yes** (circled) No

14. Do you understand that a conviction on a plea of guilty could increase punishment in any future case committed after this plea? **Yes** (circled) No

15. Is Greg Camp + Gary Cole your lawyer? **Yes** (circled) No

16. Have you talked over the charge(s) with your lawyer, advised him/her regarding any defense you may have to the charges and had his/her advise? **Yes** (circled) No

17. Do you believe your lawyer has effectively assisted you in this case and are you satisfied with his/her advise? **Yes** (circled) No

18. Do you wish to change your plea of not guilty to guilty and give up your right to a jury trial and all other previously explained constitutional rights? **Yes** (circled) No

19. Is there a plea agreement? Yes **No** (circled)

What is your understanding of the plea agreement? Blind Plea

Court costs; jail costs; Victim's Compensation fund (each count) $50 felony; $30 misdemeanor;

OIDS fee $__________; OSBI Lab fee $__________; MHA: $100 per Title 63 count

DNA fee per case of $150 or _________ no DNA fee (already on file)

20. Do you understand the Court is not bound by any agreement or recommendation and if the Court does not accept the plea agreement, you have the right to withdraw your plea of guilty? Yes No N/A

21. Do you understand that if there is no plea agreement the Court can sentence you within the range of punishment stated in question 11? (Yes) No

22. Do you understand your plea of guilty to the charge(s) is after: (check one) (Yes) No

__✓__ no prior felony convictions; ______ one (1) prior felony conviction;

______ two(2) or more prior felony convictions

List prior felony convictions to which pleading:__________

23. What (is) (are) your plea(s) to the charge(s) (and each one of them)? Guilty

24. Did you commit the acts as charged in the Information? (Yes) No

State the factual basis for your plea(s). Attach additional page as needed, labeled as Addendum C.

In Garf co I shot Sierki Perry.

25. Have you been forced, abused, mistreated, or promised anything by anyone to have you enter your plea(s)? Yes (No)

26. Do you plead guilty of your own free will and without any coercion or compulsion of any kind? (Yes) No

27. If you are entering a plea to a felony offense, you have a right to a Pre-Sentence Investigation and Report which would contain the circumstances of the offense, any Criminal record, social history and other background information about you.

Do you want to have the Report? (Yes) No

28. (a) Do you have any additional statements to make to the Court? @ Sentencing. (Yes) ~~No~~

(b) Is there any legal reason you should not be sentenced now? Yes (No)

HAVING BEEN SWORN, I, the Defendant whose signature appears below, make the following statements under oath: CHECK ONE:

1) __✓__ (a) I have read, understood and completed this form.

______ (b) My attorney completed this form and we have gone over the form and I understand its contents and agree with the answers. See Addendum "A"

______ (c) The Court completed this form for me and inserted my answers to the questions.

(2) The answers are true and correct.

(3) I understand that I may be prosecuted for perjury if I have made false statements to this Court.

[signature]

DEFENDANT

Acknowledged this __22__ day of __Jan__, 20 08

[signature]

Judge of the District Court

29. I, the undersigned attorney for the Defendant, believe the Defendant understands the nature, purpose and consequence of this proceeding. (S)He is able to assist me in formulating any defense to the charge(s). I am satisfied that the Defendant's waivers and plea(s) of guilty are voluntarily given and he/she has been informed of all legal and constitutional rights.

______________________________
ATTORNEY FOR DEFENDANT

30. The sentence recommendation in question 19 is correctly stated. I believe the recommendation is fair to the State of Oklahoma.

31. Offer of Proof (Nolo Contendere plea) ______________________________

______________________________

______________________________

______________________________
ASSISTANT DISTRICT ATTORNEY

**THE COURT FINDS AS FOLLOWS:**

32. A. The Defendant was sworn and responded to questions under oath.

B. The Defendant understands the nature, purpose and consequences of this proceeding.

C. The Defendant's plea(s) of ______________ is/are knowingly and voluntarily entered and accepted by the Court.

D. The Defendant is competent for the purpose of this hearing.

E. A factual basis exists for the plea(s) (and former conviction(s), if applicable).

F. The Defendant is guilty as charged. (Check as appropriate)

[ ] After no prior felony convictions

[ ] After one (1) former felony conviction

[ ] After two (2) or more felony convictions

G. Sentencing or order deferring sentence shall be: imposed instanter ( ); continued until the 3 day of April, 20 08, at 11:15 P.m. If the Pre-Sentence Investigation and Report is requested, it shall be provided to the Court by the 22 day of May, 20 08.

DONE IN OPEN COURT THIS 22 day of January, 2008.

| | |
|---|---|
| ______________________ | ______________________ |
| Court Reporter Present | Judge of the District Court |
| ______________________ | ______________________ |
| Deputy Court Clerk | Name of the Judge typed or printed |